CUYAHOGA COUNTY RECORDER
LILLIAN J GREENE - 3
RELA 7/16/2009 11:42:43 AM

**200907160766**

RECORDING REQUESTED BY:
AND WHEN RECORDED MAIL TO:

T.D. Services Company
1820 E. First Street, Ste. 210
Santa Ana, CA 92705

Loan Number 126748681
34885370T1

Space above this line for recorder's use

## CORPORATION ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, THE FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC BANK, FSB ("*Assignor*") does hereby grant, sell, assign, transfer and convey, unto INDYMAC VENTURE, LLC, whose address is: c/o Indymac Mortgage Services, Consumer Lending Division, 888 E. Walnut St., Pasadena, CA 91101, all of Assignor's right, title and interest in, to and under that certain Open End Mortgage dated August 06, 2007 and executed by JASON WERNER, to and in favor of Indymac Bank, F.S.B, and recorded on August 22, 2007 as Instrument Number 200708220293 in the records of CUYAHOGA County, State of Ohio, (the "Mortgage"), which encumbers the real property referenced below and described per Schedule A attached hereto and made a part hereof:

Property address: 7465 LEWIS ROAD OLMSTED FALLS, OH 44138
PARCEL ID # 261-09-030

TOGETHER WITH the note(s) described or referred to in the Mortgage, the construction loan agreement executed in connection therewith, the money due or to become due thereon with interest, and all rights accrued or to accrue thereunder.

THE FOREGOING ASSIGNMENT IS MADE WITHOUT RECOURSE, REPRESENTATION OR WARRANTY, EXPRESS OR IMPLIED, BY THE FEDERAL DEPOSIT INSURANCE CORPORATION IN ANY CAPACITY.

IN WITNESS WHEREOF, the undersigned have executed this Corporation Assignment of Mortgage on June 24, 2009.

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC BANK, F.S.B.

By: _____
Paul Hoffman, Attorney-in-Fact

---

STATE OF OHIO

COUNTY OF CUYAHOGA

I, the County Recorder of Cuyahoga County SS; Ohio in whose custody the Records of said county are kept, do hereby certify that this is a true and correct copy of the records filed as the document number, and in volume and on page Automated Automatic Filing Number (AFN) appearing upon the face hereof.

IN TESTIMONY WHEREOF, I have hereunto subscribed my name and affixed my official seal in the City of Cleveland, Ohio this 22 day of October, 2009.

**Lillian Greene, Cuyahoga County Recorder**

By: _____
          Deputy

EXHIBIT 1

## SCHEDULE A

PROPERTY DESCRIPTION                    Loan No. 126748681

The land referred to in this Commitment is described as follows:

Situated in the Township of Olmsted, County of Cuyahoga and State of Ohio:

And known as being part of Original Olmsted Township Lot No. three (3), Tract No. 7 and bounded and described as follows:

Beginning on the centerline of Lewis Road (60 feet wide) at its intersection with a line drawn parallel with the Northerly line of land conveyed to Edward J. O'Neil by deed dated April 13, 1972 and recorded in Volume 12986, Page 779 of Cuyahoga County Records distant 105 feet Northerly by rectangular measurement therefrom;

Thence easterly and parallel with the northerly line of land so conveyed to Edward J. O'Neil and the easterly prolongation thereof 400 feet to its intersection with the southerly prolongation of the easterly line of land conveyed to Robert D. Takac by deed dated January 4, 1974 and recorded in volume 13388 page 961 of Cuyohoga County Records.

Thence Southerly in a direct line about 105 feet to the Northeasterly corner of land conveyed to Edward J. O'Neil by Deed dated November 16, 1972 and recorded in Volume 13160 page 43 of Cuyahoga County Records;

Thence Westerly along the Northerly line of lands so conveyed to Edward J. O'Neil and the Westerly prolongation thereof 400 feet to the centerline of Lewis Road;

Thence Northerly along the centerline of Lewis Road about 105 feet to the place of beginning, be the same more or less.

Commonly known as: 7465 Lewis Road, Olmsted Falls, Oh 44138

NOTARY ACKNOWLEDGEMENT

State of California )
County of Los Angeles )

On June 26, 2009, before me, J. Garrett Anderson, Notary Public, personally appeared **Paul Hoffman**, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____ (Seal)

Loan # 126748681

J. GARRETT ANDERSON
Commission # 1613020
Notary Public - California
Los Angeles County
My Comm. Expires Oct 15, 2009

## ASSIGNMENT AND ASSUMPTION OF LOANS AND LOAN DOCUMENTS

This ASSIGNMENT AND ASSUMPTION OF LOANS AND LOAN DOCUMENTS (this "**Assignment**") is made and entered into as of March 19, 2009 (the "**Effective Date**"), by and among THE FEDERAL DEPOSIT INSURANCE CORPORATION ("**FDIC**") AS RECEIVER FOR INDYMAC BANK, FSB (the "**First Assignor**"), THE FDIC AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB (the "**Second Assignor**"), and INDYMAC VENTURE, LLC, a Delaware limited liability company (including its successors and assigns, the "**Company**").

WHEREAS, on July 11, 2008, the FDIC was appointed Receiver for Indymac Bank, FSB (the "**Failed Thrift**"), certain assets and obligations of the Failed Thrift were transferred to a newly-formed thrift, Indymac Federal Bank, FSB ("**Indymac Federal**"), for which the FDIC was appointed Conservator, and on March 19, 2009, the FDIC was appointed Receiver for Indymac Federal (the "**Receiver**");

WHEREAS, under the Federal Deposit Insurance Act, as amended, the FDIC is authorized to sell or otherwise dispose of the assets of thrift institutions for which it serves as conservator or receiver;

WHEREAS, the Second Assignor and the Company have entered into, among other things, an Asset Contribution and Assignment Agreement (the "**Assignment Agreement**") dated as of March 19, 2009;

WHEREAS, pursuant to the Assignment Agreement the Second Assignor conveyed to the Company all of the Second Assignor's rights, title and interests in, to and under certain assets as described therein, including all of the Second Assignor's rights, title and interests in, to and under the Assigned Loans, the Loan Documents and the Collateral (as such terms are defined below);

NOW, THEREFORE, in consideration of the foregoing and the mutual promises and agreements hereinafter contained, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, the First Assignor, the Second Assignor and the Company hereby agrees as follows:

1. <u>Assignment to Indymac Federal</u>. The First Assignor, for and in consideration of certain good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has TRANSFERRED AND ASSIGNED, GRANTED AND CONVEYED, and by these presents does TRANSFER, ASSIGN, GRANT AND CONVEY unto Indymac Federal, without recourse or warranty in any respect, all of First Assignor's rights, title and interests in, to and under:

   1.1   each of the loans identified on <u>Exhibit A</u> attached hereto and incorporated herein (each an "**Assigned Loan**" and collectively, the "**Assigned Loans**");

   1.2   all documents evidencing and/or executed and delivered in connection with the Assigned Loans, and the obligations secured thereby (collectively, the "**Loan Documents**");

   1.3   any security interests and liens owned, held, accruing, and accruing to, and for the benefit of Assignor under the Loan Documents, and all collateral providing security for any obligation of any person or entity under any of the Loan Documents (collectively, the "**Collateral**");

   1.4   all rights to title insurance and other insurance policies, condemnation awards and insurance proceeds, and all rights to causes of action, lawsuits, judgments, claims and

ASSIGNMENT OF LOANS

C:\Documents and Settings\dbuckler\Local Settings\Temporary Internet Files\OLK 1F\Assignment of Loan Documents (HCL) (3).DOC    1

EXHIBIT A
ALL-STATE LEGAL®

demands of any nature available to or being pursued by or for the benefit of the FDIC with respect to each Assigned Loan, the Collateral or the ownership, use, function, value of or other rights pertaining thereto, whether arising by way of counterclaim or otherwise (the "**Policies and Claims**"); and

   1.5 all guaranties, warranties, indemnities and similar rights in favor of the FDIC with respect to the Assigned Loans, the Loan Documents and the Collateral (the "**Indemnity Rights**").

  2. <u>Assignment to the Company</u>. Subject to the terms and conditions of the Assignment Agreement, effective as of the Effective Date, the Second Assignor, for and in consideration of certain good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, has TRANSFERRED AND ASSIGNED, GRANTED AND CONVEYED, and by these presents does TRANSFER, ASSIGN, GRANT AND CONVEY unto the Company, without recourse or warranty in any respect, all of Assignor's rights, title and interests in, to and under:

   2.1 the Loan Documents;

   2.2 the Assigned Loans;

   2.3 the Collateral;

   2.4 the Policies and Claims, other than any claims retained by the FDIC pursuant to Section 2.05 of the Assignment Agreement; and

   2.5 the Indemnity Rights.

  2. <u>Assumption by to the Company</u>. Subject to the terms and conditions of the Assignment Agreement, the Company hereby assumes the obligations and liabilities of Assignor accruing from and after the Effective Date under and with respect to the Loan Documents, the Assigned Loans, the Collateral, the Policies and Claims and the Indemnity Rights.

  3. <u>No Modification of Assignment Agreement</u>. Nothing contained in this Assignment is intended to, nor shall it be deemed to, modify any provision of the Assignment Agreement.

  4. <u>Nature of Assignment</u>. These assignments are made without recourse, representation or warranty, express or implied, by the FDIC in any capacity.

  5. <u>Valid and Binding</u>. This Assignment shall be binding on and inure to the benefit of Assignor and the Company, their heirs, executors, administrators, successors in interest and assigns.

  SIGNED this 22nd day of May, 2009.

        FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC BANK, FSB

        By: _Daris Buckler_ (signature)
        Name: Daris Buckler
        Title: Attorney-in-Fact

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR INDYMAC FEDERAL BANK, FSB

By: *[signature]*
Name: Daris Buckler
Title: Attorney-in-Fact

INDYMAC VENTURE, LLC

By: *[signature]*
Name: Terrence P. Laughlin
Title: ~~Authorized Representative~~ CEO and President