UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FEDERAL DEPOSIT INSURANCE CORPORATION,** | : | Case No. 08-CV-2336 |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN O'MALLEY |
| v. | : | |
| **JASON WERNER,** *et al*. | : | **MEMORANDUM AND ORDER** |
| Defendant. | : | |

Before the Court is Plaintiff Federal Deposit Insurance Corporation's ("FDIC") Motion to Substitute IndyMac Venture, LLC ("IndyMac LLC") as the real party in interest in this action (Doc. 28). Also pending before the Court is Werner's Motion to Strike one of IndyMac LLC's filings (Doc. 34), and Wernder's Motion for Leave to Amend his Answer (Doc. 37).

For the reasons more fully explained below, the Court sets a hearing on FDIC's Motion to Substitute (Doc. 28) for March 15, 2010 at 3:00pm, Werner's Motion to Strike (Doc. 34) is **DENIED** and Werner's Motion for Leave to Amend his Answer (Doc. 37) is **DENIED**.

**I. PROCEDURAL HISTORY**

On or about August 7, 2007, Jason Werner executed a note and mortgage with IndyMac Bank, FSB ("IndyMac FSB"). (Doc. 29-2; Doc. 30-2; Doc. 31 Exs. B & C.)

On June 6, 2008, IndyMac FSB filed a foreclosure action in Cuyahoga County Common Pleas Court. (Doc. 1.)

On July 11, 2008, the FDIC was appointed the conservator for IndyMac FSB. (Doc. 28 at 2; Doc. 29 at 1.) On October 2, 2008, the FDIC removed this case from state court. (Doc. 1.)

On June 24, 2009, IndyMac FSB assigned Werner's mortgage to IndyMac Venture, LLC ("IndyMac LLC"). (Doc. 29-2.)[1]

The motions and opposition briefing currently before the Court followed.

## II. FDIC's MOTION TO SUBSTITUTE

The first motion before the Court is Plaintiff Federal Deposit Insurance Corporation's ("FDIC") Motion to Substitute IndyMac Venture, LLC ("IndyMac LLC") as the real party in interest in this action (Doc. 28). Rule 25(c) governs when a court may properly order "the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). When a motion to substitute is opposed, the better practice is for a district court to order a hearing prior to granting such a motion. Accordingly, the Court sets a hearing on this matter for March 15, at 3:00pm.

The Court, however, cautions Werner and his counsel that it will not countenance unmeritorious arguments at that hearing. The Court expects that only legitimate grounds to oppose substitution will be asserted. For example, Werner begins his opposition to the motion to substitute by referring to the mortgage that he "alleged[ly]" executed. Yet, Werner previously admitted that he executed this mortgage (Doc. 30-1), a copy of which was attached to the complaint in this action (Doc. 1) – it is improper for him to now argue otherwise.[2]

---

[1] The FDIC has produced a certified copy of this assignment, which was officially recorded by the Cuyahoga County Recorder on October 22, 2009. (Doc. 30-2.)

[2] So, too, in the interest of judicial economy, the Court notes at the outset that Werner's citation to various other foreclosure actions in this district is unpersuasive. The cases cited by Werner address the situation where a note is not held by the original lender at the time a complaint is filed. *See generally In re Foreclosure Actions*, 2007 U.S. Dist. LEXIS 97763 (N.D. Ohio Nov. 14, 2007); *In re Foreclosure Cases*, 2007 U.S. Dist. LEXIS 84011 (N.D. Ohio Oct. 31, 2007). In this action, of course, IndyMac FSB, the holder of the initial mortgage, <u>filed the initial complaint</u>. (Doc. 1.) The case, as well, was removed to federal court by the FDIC, the conservator for IndyMac FSB, not some unrelated third party. (*Id*.) As importantly, FDIC has produced exactly what was missing in the cases to which Werner attempts to analogize, <u>proof of assignment</u> from IndyMac FSB to IndyMac LLC. (Doc. 30-2.)

2

### III. Werner's Motion to Strike

Werner has moved to strike IndyMac LLC's Motion for Summary Judgment (Doc. 34). The Federal Rules, however, do not authorize courts to strike a summary judgment motion from the record. *See Tucker v. Potter*, No. 06-CV-2359, 2009 U.S. Dist. LEXIS 61060, at *33 (N.D. Ohio July 6, 2009). The procedural rule that discusses a court's authority to strike items from the record is Fed. R. Civ. P.12(f), which permits striking matters only from pleadings. While some courts have employed Fed. R. Civ. P.12(f) to strike an affidavit or a brief, or portions thereof, there is no basis in the Federal Rules for doing so. *McLaughlin v. Copeland*, 435 F. Supp. 513 (D. Md. 1977). In fact, a decision in this district, affirmed by the Sixth Circuit Court of Appeals, refused to employ Fed. R. Civ. P. 12(f) to strike an affidavit because "the rule relates only to pleadings and is inapplicable to other filings." *Dawson v. City of Kent*, 682 F. Supp. 920 (N.D. Ohio 1988), *aff'd*, 865 F.2d 257 (6th Cir. 1988); *see also Zerman v. City of Strongsville*, No. 1:04-CV-2493, 2006 U.S. Dist. LEXIS 70503, at *21-26 (N.D. Ohio Sept. 28, 2006), *aff'd*, 259 Fed. Appx. 723 (6th Cir. 2008).

If a motion is not well-taken, it should be denied, not stricken. Accordingly, the motion to strike (Doc. 34) is improper, and must be **DENIED**.[3]

### IV. Werner's Motion for Leave to Amend his Answer

#### A. Governing Law

The decision whether to grant leave to amend the pleadings is governed by Federal Rules of Civil Procedure 15 and 16. For this Court to grant his motion, Werner "must satisfy the requirements of <u>both</u> Rule 15 and Rule 16 . . . ." *Poole v. Valley Indus.*, Case No. 05-CV-74163, 2006 U.S. Dist. LEXIS 72958, at *8 (E.D. Mich. Oct. 6, 2006) (emphasis added).

---

[3] Having said that, the Court also notes that Werner *could* advance the substantive arguments contained in his Motion (Doc. 34), to the extent they are arguably meritorious, at the hearing on the FDIC's Motion to Substitute (Doc. 28).

First, Rule 15 provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  The Sixth Circuit has explained that

> In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.

*Poole v. Valley Indus.*, Case No. 05-CV-74163, 2006 U.S. Dist. LEXIS 72958, at *7 (E.D. Mich. Oct. 6, 2006) (quoting *General Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990)).

Second, Federal Rule of Civil Procedure 16(b) requires the court to prepare a scheduling order, which can be modified only upon a showing of good cause.  The Sixth Circuit instructs:

> The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements.  Another relevant consideration is possible prejudice to the party opposing the modification.

*Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. Mich. 2002) (citations omitted).

### B. Analysis

The Court is mindful that "[a] party should not, without adequate grounds, be permitted to avoid summary judgment by the expedient of amending its complaint." *NL Indus., Inc. v. GHR Energy Corp.*, 940 F.2d 957, 964 (5th Cir. Tex. 1991) (quotation omitted); *see also Poole*, 2006 U.S. Dist. LEXIS 72958, at *8–9 (finding same); *accord Columbus Bank & Trust Co. v. McKenzie Trucking & Leasing LLC*, Case No. 4:07-CV-189, 2009 U.S. Dist. LEXIS 98882, at *17–18 (M.D. Ga. Oct. 23, 2009) ("The Eleventh Circuit . . . has consistently approved the denial of . . . motions to amend pleadings when . . . designed to avoid an impending adverse summary judgment." (collecting cases)).  Particularly against this backdrop, it is clear that Werner cannot meet the requirements of either Rule 15 or Rule 16.

Werner's motion was filed 18 months after he stopped making payments on his mortgage, over a year after Werner's counsel filed an appearance in this action, five months after the deadline for amending pleadings to which Werner's counsel agreed had passed, two months after IndyMac LLC filed

for summary judgment, and on the very day that Werner filed his opposition to IndyMac LLC's Motion for Summary Judgment.  This type of delay would be quite difficult to justify in most circumstances, and it is not justified here.  Indeed, Werner provides only a single, unpersuasive, sentence in support of his motion:

> [Werner's] previously filed Answer, Affirmative Defenses and Counterclaim . . . were drafted pro se by Defendant Werner several months prior to him having retained counsel and prior to this action having been removed to Federal Court.

(Doc. 37 at 1.)  Given that Werner has had counsel for over a year and that this counsel agreed to the Case Management Order, Werner cannot show the requisite diligence under Rule 16: indeed, it is not clear that Werner has even attempted to do so.

That lone sentence, as well, does not persuade the Court that "justice requires" an amendment under Rule 15, particularly in light of the undue delay that preceded the filing of this motion.[4]  The Court took the unusual step of holding the Case Management Conference in this case on the record in part because Werner's current answer is in many ways difficult to understand – it cannot be a surprise to Werner and his counsel that this answer does not assert all theoretically possible defenses and counterclaims.  In concluding that justice does not require amendment, the Court notes, as well, that Werner's purported description of his new answer as being submitted "in the interest of clarification" (Doc. 37 at 2) is simply inaccurate.[5]

---

[4] The Court has also considered the apparent lack of notice to IndyMac LLC that proceeded the filing of this motion, the arguable bad faith evident by the timing of this filing, and the prejudice that would accrue to IndyMac LLC from any further delay in this case.  All of these factors counsel against granting Werner's motion.  The Court does not consider the futility of amendment in reaching its conclusion that the interests of justice do not support granting leave to amend under Rule 15.

[5] For example, Werner now asserts that claims that were contained in his original answer – that the FDIC "did not provide all . . . documents to [the] Court . . . . and that "Indymac . . . must follow certain Federal laws . . . . clearly raise as affirmative defenses alleged violations of the Truth in Lending Act and the Real Estate Settlement Procedures Act . . . ."  (Doc. 37 at 2.)  They do not.

5

## V. CONCLUSION

For the aforementioned reasons, the Court sets a hearing on FDIC's Motion to Substitute (Doc. 28) for March 15, 2010 at 3:00pm, Werner's Motion to Strike (Doc. 34) is **DENIED** and Werner's Motion for Leave to Amend his Answer (Doc. 37) is **DENIED**.

**IT IS SO ORDERED.**

                                       **s/Kathleen M. O'Malley**
                                       **KATHLEEN McDONALD O'MALLEY**
                                       **UNITED STATES DISTRICT JUDGE**

Dated: March 3, 2010